**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0066-24

TATYANA GOLBIN,

    Plaintiff-Respondent,

v.

MIKHAIL GOLBIN,

    Defendant-Appellant.

_____

Submitted June 3, 2025 – Decided July 17, 2025

Before Judges Smith and Chase.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FM-12-2457-14.

Mikhail Golbin, appellant pro se.

Tatyana Golbin, respondent pro se.

PER CURIAM

    Defendant, Mikhail Golbin, appeals an August 2, 2024 Family Part order which denied his motion to reduce, among other things, ongoing college

contributions to the three children of his former marriage to plaintiff, Tatyana Golbin. On appeal, defendant challenges only the part of the order denying his motion to reduce college contributions. He argues the trial court committed error when it denied his motion without applying the standards set forth in Newburgh v. Arrigo, 88 N.J. 529 (1982). We find defendant's argument without merit and affirm.

I.

We recount the facts and relevant procedural history from our opinion in Golbin v. Golbin (Golbin I), No. A-3570-20 (App. Div. May 26, 2022).

> The parties have three children: the oldest, born in 1999; a middle child, born in 2002; and their youngest, born in 2005. The parties were divorced on May 29, 2014. The final judgment of divorce (FJOD) incorporated the [Property Settlement Agreement (PSA)] by reference.
>
> In paragraph 2.4 of the PSA, the parties agreed that they would "each contribute toward the post-secondary school education [tuition, fees, costs, and expenses] consistent with each party's then-existing ability to pay." The agreement provides no formula for calculating each party's contribution . . . [nor does it provide] guidance as to how "ability to pay" should be determined in the event of a dispute.
>
> [Id. at 2-3 (second alteration in original) (footnotes omitted).]

A-0066-24

After the oldest child completed some years of college without any meaningful financial contribution from defendant, plaintiff had incurred over $60,000 in tuition, room and board costs. She moved in April 2021 to enforce paragraph 2.4. It states:

> 2.4 <u>Post-Secondary School Education</u>. Husband and Wife shall each contribute toward the post-secondary school education costs and expenses incurred by their aforesaid children, including, without limitation, tuition, room, board, miscellaneous school fees, books, transportation, and any related costs and expenses, consistent with each party's then-existing ability to pay.
>
> The parties shall consult with each other and with the children with a view toward providing each child with the best education possible in view of their particular circumstances, each child's educational abilities and desires, and the parties' then existing financial ability.
>
> The parties further agree that they shall encourage the children to utilize government student loans, scholarships and work programs to assist in defraying the cost of their education.

The trial court granted plaintiff's motion in part,[1] making findings. The court considered the record, including: the parties' gross income between 2016

---

[1] The balance of the issues addressed in the trial court's May 27, 2021 order are not pertinent to this appeal, and we need not address them here.

A-0066-24

and 2020; the comparative tax burden of the parties;[2] and the parties' ability to pay. The court then found a series of facts, including that: paragraph 2.4 of the PSA remained in effect; defendant was in violation of litigant's rights by failing to make contributions to the children's ongoing college expenses; defendant's court-ordered child support payments of $2,000 per month could not be credited to his college contribution obligation; the parties' gross income was the primary determining factor in its college expense obligations; and that defendant owed $29,853.97 in college expense arrears.

The court held defendant in contempt and ordered that he pay the arrears in thirty days. Next, the court ordered defendant to pay fifty percent of the children's future post-secondary education costs. The trial court then denied defendant's motion for reconsideration. Defendant appealed, and we affirmed, noting that the trial court relied upon the extensive record, including the PSA, in making the findings which supported its order. Golbin I, slip op. at 21-35. We noted that the parties had mutually agreed to contribute to their children's college expenses in the PSA. Id. at 20-21. We stated, "[w]hat the court was called upon to do was determine the contribution amount that the parties were able to pay towards college because, in drafting the PSA, they left 'ability to pay'

_____

[2] Defendant had moved to California while plaintiff remained in New Jersey.

4

undefined." Id. at 21. We concluded that the trial court's order was supported by sufficient credible evidence in the record. Id. at 32.

Defendant sought relief in July 2024 from his ongoing college expense obligation, arguing that the trial court find that his ongoing college support obligation should not exceed his ability to pay. A different trial judge heard the matter, and denied the motion without prejudice, finding defendant had shown no changed circumstances which would support modification of the May 27, 2021 order. Defendant appealed.

## II.

### A.

We "accord particular deference to the Family Part because of its 'special jurisdiction and expertise' in family matters." Harte v. Hand, 433 N.J. Super. 457, 461 (App. Div. 2013) (quoting Cesare v. Cesare, 154 N.J. 394, 412 (1998)). "Only when the trial court's conclusions are so 'clearly mistaken' or 'wide of the mark' should an appellate court intervene . . . ." N.J. Div. of Youth & Fam. Servs. v. E.P., 196 N.J. 88, 104 (2008) (quoting N.J. Div. of Youth & Fam. Servs. v. G.L., 191 N.J. 596, 605 (2007)). "We will reverse only if we find the trial judge clearly abused his or her discretion . . . ." Clark v. Clark, 429 N.J. Super. 61, 72 (App. Div. 2012). "While an 'abuse of discretion . . . defies precise

A-0066-24

definition,' we will not reverse the decision absent a finding the judge's decision 'rested on an impermissible basis,' considered 'irrelevant or inappropriate factors[,]'" [or] "failed to consider controlling legal principles or made findings inconsistent with or unsupported by competent evidence." Spangenberg v. Kolakowski, 442 N.J. Super. 529, 535 (App. Div. 2015) (omission and first alteration in original in original) (first quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571-72 (2002); and then quoting Storey v. Storey, 373 N.J. Super. 464, 479 (App. Div. 2004)). However, "all legal issues are reviewed de novo." Ricci v. Ricci, 448 N.J. Super. 546, 565 (App. Div. 2017).

B.

"Absent 'compelling reasons to depart from the clear, unambiguous, and mutually understood terms of the PSA,' a court is generally bound to enforce the terms of a PSA." Avelino-Catabran v. Catabran, 445 N.J. Super. 574, 589 (App. Div. 2016) (quoting Quinn v. Quinn, 225 N.J. 34, 55 (2016)). However, "if circumstances have changed in such a way that requiring [a party] to pay for college would no longer be equitable and fair, the court also remains free to alter the prior arrangement." Moss v. Nedas, 289 N.J. Super. 352, 359-60 (1996) (quoting Lepis v. Lepis, 83 N.J. 139, 161 n.12 (1983)).

> [W]here parties to a divorce have reached an agreement regarding children attending college and how those

college expenses should be divided, and no showing has been made that the agreement should be vacated or modified, the Family Part need not apply all twelve factors pertinent to college expenses as identified in Newburgh, 88 N.J. at 545. Rather, the court should enforce the agreement as written.

[Avelino-Catabran, 445 N.J. Super. at 591 (emphasis added).]

In Lepis, our Supreme Court established a two-part analysis for evaluating whether a party's changed circumstances warrant modification to the initial support obligation. 83 N.J. at 148. Under this principle, the party moving for modification must first prove a prima facie case of changed circumstances. Id. at 157. If the moving party successfully clears that hurdle, then the court will analyze the financial effect of the change on each party's ability to sustain the standard of living established in the original dissolution proceeding. Id. at 157-58.

III.

Before us, defendant's sole argument is that the trial judge committed error by not considering the Newburgh factors[3] in deciding the motion. We find the argument without merit, and we affirm the judge's order denying defendant's motion without prejudice. We comment briefly.

---

[3] 88 N.J. at 545.

A-0066-24

Defendant's motion sought to "affirm that [his] contribution towards college education costs of [the parties'] children going forward cannot exceed [his] . . . current ability to pay." Defendant contends he no longer holds sufficient "liquid assets" to meet the college support obligation. Defendant seeks a hearing where he can offer proofs consistent with a <u>Newburgh</u> analysis. However, defendant fails to make the threshold showing needed to modify a settlement agreement, thus requiring the use of the <u>Newburgh</u> factors. <u>Avelino-Catabran</u>, 445 N.J. Super. at 591. The record shows defendant transferred over $250,000 of his cash assets into a deferred income annuity that will not pay out until 2031. The record also shows defendant moved to reduce his college support obligation mere weeks after he made the transfer. After considering these two facts, along with the balance of the record, the trial judge concluded that defendant failed to show a change in circumstances sufficient to justify modification of defendant's current college support obligation. We defer to the judge's findings, which were based upon sufficient credible evidence in the record. We also note the judge properly relied upon our decision in <u>Golbin I</u>, which affirmed the trial court's interpretation of the ambiguous term, "ability to pay," found in paragraph 2.4 of the PSA.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Hurley*

Clerk of the Appellate Division

8

A-0066-24